## TANNER v. CROXALL.[*]

On demurrer to declaration.

In debt, for penalties for illegal charges of costs.

This was an action of debt for three hundred dollars, the aggregate amount of *ten* penalties of thirty dollars each, for charging in a bill of costs, for services not actually rendered, or for services not allowed by law. *Elmer's Dig.* 424, *pl.* 27. The bill of privilege contains ten counts; each count being for a distinct penalty for a specified over-charge: but all the items com-

---

[*]Decided orally at September Term, 1839.

Tanner v. Croxall.

plained of, are contained in one bill of costs. The defendant demurs to the whole bill; showing several matters for cause of demurrer: namely—that the plaintiff before commencing this suit, had not appealed from the taxation of the clerk: that it was not averred in the bill of privilege, that the over-charges were *wilfully* made, nor that he had *taken* any greater fee, or reward for services done by him, than was allowed by law. And lastly that the bill of privilege demands ten penalties of thirty dollars each, whereas only one such penalty, if any, has been incurred. The plaintiff having joined in demurrer, the cause was argued, by

*Mr. Jeffers*, in support of demurrer, and by

*W. Halsted*, contra.

HORNBLOWER, C. J. The statute *Elm. Dig.* 424, enacts that if any attorney or solicitor shall *charge in his bill of costs*, for services not actually done; or for services not allowed by law; or *take* any greater fee or reward for services rendered, than is allowed by law, he shall pay to the party aggrieved, $30, to be recovered by an action of debt. The complaint in this case is that the defendant has charged for services not actually performed; and it is not necessary that the plaintiff should aver in the declaration that such charges were knowingly or wilfully made. Nor is it necessary that the plaintiff before he brings his action should appeal from the taxation of the clerk, if there was one, and establish the over—or the unfounded charge, upon a retaxation. It is not necessary that the bill should be taxed at all, in order to entitle the plaintiff to recover; nor does it appear by the pleadings in this case, whether the bill of costs was or was not taxed by the clerk. The object of the statute is to guard suitors against impositions by Attorneys and Solicitors; and if the suitor is charged in the bill of costs delivered to him, for services not rendered, he is thereby aggrieved, for he must either pay the unlawful demand, though he may be a very incompetent judge of its legality, or subject himself to be proceeded against for it, by suit or by execution. The act intends to arrest such improper demands, *in limine.* and the attorney who does know,

or ought to know what services he has rendered, and what the law allows him for such services, must at his peril make out and present a true bill. · How far, an unintentional error, might subject an attorney to a penalty under the statute, it is not now necessary to decide.

The other cause assigned for demurrer, although true as a legal proposition, constitutes no objection to the declaration. · In this action and upon the matters set forth in this declaration or bill of privilege, the plaintiff can recover at most, but for one penalty.

The words of the statute are, that if the attorney " shall charge in his bill of costs, for services not done, &c." he shall pay to the party aggrieved, $30; not $30 for each and every wrong charge, but for charging in his bill, for services not performed, whether more or less in number. The plaintiff therefore at most, can recover but $30 in this case, if at all; nevertheless the demurrer must be over-ruled, with costs.

*Demurrer overruled, with costs.*